<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>   v.<br><br>NARSAN LINGALA,<br><br>                Defendant. | Crim. No. 19-00110 (GC)<br><br><u>**MEMORANDUM ORDER**</u> |

<u>**CASTNER, District Judge**</u>

      **THIS MATTER** comes before the Court upon *pro se* Defendant Narsan Lingala's "Motion for Discovery and Expert Analyst" and "Supplemental Motion for Discovery and Expert Analyst." (ECF Nos. 121 & 122.)  The Government opposed (ECF No. 125), and Defendant replied (ECF No. 127).  The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b).[1]  For the reasons set forth below, and other good cause shown, Defendant's Motions are **DENIED**.

## I.    <u>BACKGROUND</u>

      The Court presumes the parties' familiarity with the underlying facts as set forth by the United States Court of Appeals for the Third Circuit in *United States v. Lingala*, 91 F.4th 685 (3d Cir. 2024).  A jury convicted Defendant of "conspiracy to commit murder-for-hire . . . and murder-for-hire . . ., in violation of 18 U.S.C. § 1958 and 2," and "witness tampering . . ., in violation of

---

[1]    Local Civil Rule 78.1 applies to criminal cases in the District of New Jersey.  *See* L. Civ. R. 1.1; *United States v. Gibson*, Cr. No. 22-00320, 2024 WL 4476152, at *2 (D.N.J. Oct. 11, 2024).

18 U.S.C. § 1512(b)." *Id.* Defendant appealed his conviction, and the Third Circuit affirmed. *Id.* at 698.

After his conviction was affirmed, Defendant filed a Motion for a Reduced Sentence pursuant to 18 U.S.C. § 3582(c), (ECF Nos. 106 & 108), and a Motion to Unseal, (ECF No. 109), before this Court. On September 26, 2024, the Court denied Defendant's Motion for a Reduced Sentence. (ECF No. 118.) On December 6, 2024, the Court denied Defendant's Motion to Unseal. (ECF No. 124.)

Defendant has now moved to request discovery and to have "an expert analyze evidence" pursuant to Rule 6(a) of the Federal Rules Governing Section 2255 Proceedings for the United States District Courts. (ECF No. 121 at 1 (noting that "[u]nder Ruel 6(a) of the Rules [g]overning § 2255 [p]roceedings, '[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practice and principles of law'").) *See* 28 U.S.C. § 2255, Rule 6(a). Defendant asserts that the Government improperly "removed . . . every member of [Defendant's] (Asian) race" from the jury pool during *voir dire*. (ECF No. 121 at 2.) As a result, Defendant asks the Court to "provide him with jury statistics compiled by the court from 2017 to 2021" and further requests "copies of the master jury wheel that was used to compose the jury for his trial." (*Id.*) In his Supplemental Motion, Defendant seeks to broaden this timeframe to include all of 2016. (ECF No. 122 at 2 ("Defendant requests statistics for other grand juries empaneled in the District of New Jersey from January 1, 2016 through February 1, 2019).)

As to Defendant's request for an expert, Defendant asserts that "a demographic expert is needed to assist [him] in researching the requested documents[] in order to determine whether

[Defendant] was fairly represented and to research his 'fair cross section' challenge."[2]  (ECF No. 121 at 3.)  Based on the Court's review of Defendant's submissions, it appears he is challenging both the grand jury and petit jury.  (*Id.* at 1-2; ECF No. 122.)

In response, the Government asserts that Defendant's claims are unsupported and untimely. (ECF No. 125 at 1.)  First, the Government submits that pursuant to 28 U.S.C. § 1867(a), Defendant was required to assert a challenge before *voir dire* began or within seven days after the jury was sworn in.  (*Id.* at 3.)  *See* 28 U.S.C. § 1867(a) ("In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.").  Second, the Government contends that Defendant's motions are procedurally defective because neither motion contained a "sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of" 28 U.S.C. § 1867(d).  (ECF No. 125 at 3-4.)

## II.    LEGAL STANDARD

The United States Supreme Court has made clear that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see Harris v. Nelson*, 394 U.S. 286, 295 (1969) (noting that the "broad discovery provisions" do not apply in the context of habeas corpus).  Rather, pursuant to 28 U.S.C. § 2255, Rule 6(a), "[a] judge may, for good cause, authorize a party to

---

[2]    Defendant's "fair cross section" challenge stems from the United States Supreme Court's decision in *Duren v. Missouri*, 439 U.S. 357 (1979), in which the Supreme Court affirmed that the United States Constitution guarantees "a jury drawn from a fair cross section of the community." *Id.* at 370.

conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Additionally, "[a] party requesting discovery must provide reasons for the request.  The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." *Id.*

"[T]he right to discovery in a § 2255 case depends on whether the defendant can provide 'reason to believe that [he] may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.'" *In re Platts*, 573 F. App'x 87, 87-88 (3d Cir. 2014) (quoting *Bracy*, 520 U.S. at 908-09).  However, "[a] petitioner may not engage in a fishing expedition, and 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing.'" *Neals v. Warren*, Civ. No. 13-4398, 2017 WL 751427, at *7 (D.N.J. Feb. 7, 2017) (quoting *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991)).

## III.    <u>DISCUSSION</u>

The Court finds that Defendant's motions are premature because Defendant has yet to file a § 2255 motion.  (*See e.g.*, ECF No. 127 at 2 (arguing that Defendant needs to engage in discovery to "make a habeas claim").)  As courts in the Third Circuit have recognized, "[w]ithout a formal § 2255 motion before it, this Court cannot fulfill its requirement to determine whether Defendant has satisfied Rule 6's 'good cause' standard." *United States v. Johnson*, 2017 WL 3034928, at *1 (W.D. Pa. July 18, 2017) (quoting *United States v. Lawrence*, 2015 WL 7570515, at *3 (S.D. Oh. Nov. 25, 2015)).  Further, the Third Circuit has noted that without "a pending § 2255 action in the District Court, it is far from clear that [the defendant] is permitted under Rule 6 to obtain any discovery whatsoever." *In re Platts*, 573 F. App'x at 87 (citing *Calderon v. U.S. Dist. Court for N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996)); *see United States v. Fake*, 416 F. App'x 134, 136 (3d Cir. 2011) (noting that the district court properly concluded that the defendant's discovery

4

motion could not be raised as a post-judgment motion). As a result, because Defendant has failed to file a § 2255 motion, he "is not entitled to pre[-]petition discovery under Rule 6(a) or the Federal Rules of Civil Procedure." *Johnson*, 2017 WL 3034928, at *2.

Accordingly, the Court will deny Defendant's motions for discovery and an expert analyst.

## IV.   **CONCLUSION & ORDER**

For the reasons set forth above, and other good cause shown,

**IT IS** on this 6th day of February, 2025, **ORDERED** as follows:

1. Defendant's "Motion for Discovery and Expert Analyst" and "Supplemental Motion for Discovery and Expert Analyst" (ECF Nos. 121 & 122) are **DENIED WITHOUT PREJUDICE**.

2. The Clerk's Office is directed to **TERMINATE** the motions pending at ECF Nos. 121 & 122.

3. The Clerk's Office is directed to forward Defendant a blank § 2255 form-AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014).

4. The Clerk's Office is directed to send a copy of this Memorandum Order to Defendant at the address on file.

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

5